IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE: MICHAEL J. JACOBS,

      Debtor.                                                       U.S. Bankruptcy Case No. 19-12591

MICHAEL JACQUES JACOBS,

      Appellant,

vs.                                                                                      No. CIV 23-0077 JB/JFR

UNITED STATES TRUSTEE,

      Appellee.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed on March 18, 2024 (Doc. 30)("PFRD"). In the PFRD, the Honorable John F. Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, recommends affirming the orders of the Honorable Robert H. Jacobvitz, Chief Bankruptcy Judge for the United States Bankruptcy Court for the District of New Mexico, dismissing Appellant Michael Jacques Jacobs' Chapter 11, 11 U.S.C. §§ 1101-1195, case, see U.S. Bankruptcy Case No. 19-12591, Memorandum Opinion, filed October 14, 2022 (Doc. 314); U.S. Bankruptcy Case No. 19-12591, Order Dismissing Chapter 11 Case, filed October 14, 2022 (Doc. 315), and denying Jacobs' Motion to Alter or Amend the Judgment, see U.S. Bankruptcy Case No. 19-12591, Memorandum Opinion, filed January 6, 2023 (Doc. 328); U.S. Bankruptcy Case No. 19-12591, Order Denying Motion to Alter or Amend Judgment, filed January 6, 2023 (Doc. 329); PFRD at 39. The PFRD notifies the parties of their ability to file objections within fourteen days, and that failure to do so waives appellate review. See PFRD at

39. On April 1, 2024, Jacobs filed objections to the PFRD. <u>See</u> Appellant's Response to the Court's Proposed Findings and Recommended Disposition, filed April 1, 2024 (Doc. 31)("Objections"). On April 25, 2024, Appellee United States Trustee responded to Jacobs' Objections. <u>See</u> Reply of Appellee Ilene J. Lashinsky, United States Trustee, to Appellant's Response to Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 15, 2024 (Doc. 32)("Reply"). Pursuant to rule 72(b) of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of the record and all parts of the Magistrate Judge Robbenhaar's PFRD to which Jacobs has objected properly. After conducting this de novo review and having considered thoroughly the PFRD and the Objections, the Court finds no sound reason either in the applicable law or in the relevant facts to depart from the Magistrate Judge's PFRD.

## <u>LAW REGARDING OBJECTIONS TO THE PFRD</u>

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. <u>See</u> Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Prop., with Bldgs, Appurtenances, Improvements, & Contents, Known as: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act[, 28 U.S.C. §§ 631-39], including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)).  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060.  In addition to requiring specificity in

objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit has stated that "the district court correctly held that [a plaintiff] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[1]

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate [judge']s order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")). In One Parcel, the Tenth Circuit notes that the district judge decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because such actions

---

[1]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on a Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . [a]nd we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980)("Raddatz"). The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court of the United States has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's PFRD. See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate.'" (quoting 28 U.S.C. § 636(b)(1))(emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.)).

Where no party objects to the Magistrate Judge's PFRD, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations.

In Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401 (D.N.M. December 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's PFRD, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [PFRD]," the Court nevertheless conducted such a review. 2012 WL 6846401, at *3. The Court generally does not review, however, the Magistrate Judge's PFRD de novo and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously[2]] contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3.

---

[2]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's PFRD whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, No. CIV 12-1039, 2013 WL 499300, at *4 (D.N.M. January 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating, "[t]he Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, No. CIV 11-0858, 2013 WL 499521 (D.N.M. January 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., No. CIV 12-0625, 2013 WL 503744 (D.N.M. January 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court concludes that "contrary to law" does not reflect accurately the deferential standard of review which the Court intends to use when there is no objection. Concluding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required only when a party objects to the recommendations. The Court concludes that adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will review, as it has done for some time now, Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's PFRD.

## ANALYSIS

In the PFRD, Magistrate Judge Robbenhaar recommends that the Court conclude that Bankruptcy Judge Jacobvitz did not abuse his discretion by dismissing Jacob's Chapter 11 case or denying his motion to alter or amend the judgment. See PFRD at 39. In his Objections, Jacobs asserts that Magistrate Judge Robbenhaar failed to consider that "both parties do agree that what is in the best interest of the remaining creditors is to allow the bankruptcy to continue with an amended plan," Objections at 5, and argues both that "unusual circumstances" warrant an amended plan, Objections at 6, and that he has provided DLJ Mortgage Capital with the "indubitable equivalent" of its secured claim, Objections at 7-12. In response, the Trustee clarifies that "[t]he United States Trustee does not agree that reinstating Mr. Jacobs's bankruptcy case and allowing it to continue with an amended plan is in the best interest of remaining creditors," Reply at 3, and argues that, because the unusual circumstances to which Jacobs' directs the Court occurred after the Judge Jacobvitz entered his order dismissing the case, "this Court should not consider these circumstances in its review of the bankruptcy court's orders," Reply at 4-5. Furthermore, the Trustee argues that the plan was not confirmable regardless whether Jacobs provided DLJ

Mortgage Capital with an indubitable equivalent, and therefore Jacobs' argument has "no relevance to the bankruptcy court's determination that there was cause to dismiss." Reply at 6-7.

The Court carefully has conducted a de novo review of the PFRD and Jacobs' Objections, and agrees with the Trustee that the Objections are without merit. The issues Jacobs raises in his Objections were fully addressed in the PFRD. The Court agrees with Magistrate Judge Robbenhaar that Bankruptcy Judge Jacobvitz did not abuse his discretion when he dismissed Jacobs' case for failure to propose a confirmable plan, nor when he denied Jacobs' motion to alter or amend, and none of the objections that Jacobs raises, which largely rely on post-dismissal events, alters that conclusion. Accordingly, the Court will adopt the PFRD and overrule the Objections.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed on March 18, 2024 (Doc. 30), are adopted; (ii) the objections in the Appellant's Response to the Court's Proposed Findings and Recommended Disposition, filed April 1, 2024 (Doc. 31), are overruled; (iii) the U.S. Bankruptcy Case No. 19-12591, Memorandum Opinion, filed October 14, 2022 (Doc. 314), is affirmed; (iv) the U.S. Bankruptcy Case No. 19-12591, Order Dismissing Chapter 11 Case, filed October 14, 2022 (Doc. 315), is affirmed; (v) the U.S. Bankruptcy Case No. 19-12591, Memorandum Opinion, filed January 6, 2023 (Doc. 328), is affirmed; and (vi) the U.S. Bankruptcy Case No. 19-12591, Order Denying Motion to Alter or Amend Judgment, filed January 6, 2023 (Doc. 329), is affirmed.

_____
UNITED STATES DISTRICT JUDGE

- 9 -

*Counsel and parties:*

Michael Jacques Jacobs
Albuquerque, New Mexico

    *Appellant pro se*

Jaime A. Pena
 Trial Attorney
United States Trustee Program
United States Department of Justice
Albuquerque, New Mexico

    *Attorney for the Appellee*